# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARTA LYALL,

        Plaintiff,

        v.

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,

        Defendants.

Case No. 1:25-cv-00644-TNM

## MEMORANDUM OPINION

Marta Lyall alleges that she has been a victim of harassment and retaliation for decades from unidentified operatives angry about her late father's 1975 investigative reporting on "military-CIA mercenary schemes involving underage boys." Compl. at 8. She says that he died suspiciously at 51, and that the unidentified harassers have followed her ever since. *Id.* Lyall states that they followed her to work at a university in the late 1990s. *Id.* at 9–10. At various points, her Complaint connects the harassers to Mark Cuban and Jeffrey Epstein. *Id.* at 11–12. She alleges that after she "resumed her father's research" in 2014, she "uncover[ed] deeper links between military intelligence agencies and child mercenary operations." *Id.* Afterward, the harassment got worse. *Id.* She credits them with engineering a car dealership's double-submission of a hard credit inquiry in 2019 and with poisoning her dog in 2024. *Id.* at 12. She fingers the Justice Department, a federal judge, and multiple unnamed defendants as perpetrators in this scheme.

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint that lacks "an arguable basis either in law or in fact" is not plausible. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Courts cannot exercise subject matter jurisdiction over such a complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). So a court must dismiss a complaint "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). And the Court must do so promptly. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). That is true even at very early stages of the litigation, as here when only the Complaint and a Temporary Restraining Order motion have been filed. ECF Nos. 1, 2.

Lyall's Complaint meets the standard for dismissal for lack of Article III jurisdiction. The D.C. Circuit approved dismissing a complaint on jurisdictional grounds when it similarly alleged that the Government had launched a "massive surveillance program" over the plaintiff, including using "tracking devices" on his car. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). That panel also approved of dismissing a complaint for lack of jurisdiction when it alleged government harassment "from uncertain origins" that may have included a "long past employment by the FBI." *Id.*

The Complaint will be dismissed without prejudice. Lyall's situation may merit sympathy, but it does not present a federal question for this Court.[1]

A separate Order will issue.

_____
TREVOR N. McFADDEN
United States District Judge

DATE: March 11, 2025

---

[1] Dismissal renders Lyall's [4] Emergency Motion for Temporary Restraining Order moot.